**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

|  |  |
|---|---|
| **ROBERT A. THOMPSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 05-1033-WEB |
| ) | |
| **TRACY D. EDIGER,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

### **MEMORANDUM AND ORDER**

The court conducted a telephone conference to address defendant's motion to compel (Doc. 26) on October 14, 2005. Edward Hund appeared on plaintiff's behalf. Samantha Ho appeared for defendant. After considering the parties' oral arguments, the court GRANTED defendant's motion. The rationale for granting the motion is set forth below.

### **Background**

This is a personal injury action based on Thompson's assertion that Ediger was negligent and caused a two-vehicle accident while attempting to make a left-hand turn. Although the circumstances surrounding the accident are relatively straightforward, Thompson's damage claim for lost income is more complex than usual because he is an attorney in solo practice who resists discovery related to his income history. Ediger's

motion and Thompson's objections are discussed in greater detail below.

**Motion to Compel**

Ediger moves to compel Production Request No. 12 which requests Thompson's "billing records, time entries, desk calendars or diaries or other documentation of the income of plaintiff's solo practice for the period of 2000 to present."[1] Thompson opposes the motion, arguing: (1) the "request is overly broad and not likely to lead to discoverable information," (2) plaintiff has produced his income tax records which is the best evidence of his income, (3) the requested information is privileged and (4) plaintiff's billing software generates inconsistent summaries.[2]

Thompson's argument that Request No. 12 is "not likely to lead to discoverable information" is unpersuasive because plaintiff seeks $66,210 in "past lost wages" and $262,626 in "future lost wages." Under the circumstances, Ediger's request *is* reasonably calculated to lead to the discovery of admissible evidence concerning Thompson's income history. See Fed. R. Civ. P. 26(b)(1). Similarly, the request is not "overly broad" because it is limited to roughly two years before and after the accident, a reasonable time frame for evaluating Thompson's earnings history.

Thompson's argument that his income tax returns are "the best evidence of his income"

---

[1] Ediger's request to compel the production of "complete" tax returns with the attachment of both plaintiff and his wife's W-2 was granted in a separate order. (Doc. 30). The request to compel production of an income statement and balance sheet is moot because Thompson does not have such documents.

[2] Thompson elected to stand on his oral arguments and waived the filing of a written response to the motion.

is also not persuasive. Thompson's claim of "future lost wages" is based on his assertion that his injuries cause him to take one-half hour longer every day to complete his legal work. Based on a billing rate of $150 per hour extrapolated to his retirement age, Thompson calculates that he has suffered a loss of future wages of $262,626. Because Thompson is seeking damages based on his estimate of billable time, records concerning his billable hours are very relevant and the tax returns simply do not contain sufficient detail.

Thompson's argument that his billing records and the names of his client are privileged is rejected because he has failed to produce a privilege log. See Fed. R. Civ. P. 26(b)(5). More importantly, under Kansas law the names of an attorney's clients are not privileged and information regarding client fees is not protected because the payment of fees is not a confidential communication between an attorney and client. ERA Franchise Systems, Inc. v. Northern Ins. Co. of New York, 183 F.R.D. 276, 280 (D. Kan. 1998).

Finally, Thompson argues that he has attempted to secure billing summaries from his computer and that his software has generated three different answers. Because of the different answers, Thompson has no confidence that his software will generate an accurate summary. However, the claimed inaccuracy of software summaries heightens, rather than diminishes, the need for production of his billing records and calendars. Accordingly, Ediger's motion to compel is granted.

**IT IS THEREFORE ORDERED** that Ediger's motion to compel the documents requested in Production Request No. 12 **(Doc. 26)** is **GRANTED.** Thompson shall produce

the documents by **November 14, 2005.**

    **IT IS SO ORDERED.**

    Dated at Wichita, Kansas this 18th day of October 2005.

    S/ Karen M. Humphreys

    _____
    KAREN M. HUMPHREYS
    United States Magistrate Judge